**GREENBERG TRAURIG, LLP**
Michael Burshteyn (SBN 295320)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

Jake Evans (*pro hac vice*)
Jordana R. Sternberg (*pro hac vice* forthcoming)
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678.553.2100
Jake.Evans@gtlaw.com
Jordana.Sternberg@gtlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>APPFOLIO, INC., a California corporation,<br><br>                    Defendant. | CASE NO.  **3:25-cv-10670-AMO**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiffs[1] submit this brief on venue issues pursuant to Court Order, Dkt. 15.

Plaintiffs also alert the Court that AppFolio has made the status quo worse despite its consent not to alter the status quo this past Monday. Beagle submits evidence that AppFolio has continued to show its in-app banner to users (as recently as yesterday) stating that Beagle has been deplatformed: "we're removing [Beagle] access on December 16, 2025."[2] AppFolio has issued no statements correcting its prior mass email blasts. Beagle's customers now believe Beagle has already been banned days ago and are canceling contracts. The status quo was before December 9, 2025, when AppFolio began threatening to deplatform Beagle. Even without the ban this week, the continued threat is causing irreparable harm. Suggesting that Beagle was already banned days ago is **worse** than the situation was on Monday. Beagle customers do not believe Beagle that there has been no ban. This has already caused Beagle more than $500,000 in lost annual recurring revenue and over 6,000 lost "doors," the metric Beagle uses to measure customer scale. (Brown Decl. ¶ 11.) Just this morning, a newsletter was published about the dispute to tens of thousands of property managers. In response to a request for a comment yesterday, AppFolio simply forwarded its prior mass message, once again leaving in the language that Beagle would have already been banned earlier this week on December 16, 2025.[3] Plaintiffs also inform the Court that, in the state court proceeding in Santa Barbara, Judge Geck denied AppFolio's second application for a TRO on Wednesday morning, December 17, 2025.[4]

## I.    THE NORTHERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE

Plaintiffs address both 28 U.S.C. §§ 1404 and 1391 preemptively.[5] AppFolio faces a high bar on venue. Courts do not disturb a Plaintiff's chosen forum lightly, especially when, as here, Plaintiffs and the

---

[1] Beagle Labs, Inc., Beagle Technologies, Inc., Big Beagle, Inc., Rental Property Managers Association LLC, and YRIG Risk Retention Group, Inc. ("Beagle" or "Beagle Entities").
[2] (Declaration of Michael Brown ("Brown Decl."), ¶¶ 6-8, Ex. B).
[3] https://peter.beehiiv.com/p/peter-lohmann-s-newsletter-issue-170
[4] During the hearing, AppFolio's counsel emphasized and represented to the Santa Barbara State Court that the federal TRO before this Court was distinct from the state court action. (Barros Decl. ¶ 2.)
[5] To the extent AppFolio raises Rule 12(b)(3), it waives Rule 12(b)(2)-(5) by operation of Rule 12(h)(1).

parent company have a strong presence in the Bay Area.  The Supreme Court held in *Piper Aircraft Co. v. Reyno* that there is "ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."  454 U.S. 235, 255 (1981).  AppFolio must make a "strong showing of inconvenience to warrant upsetting [] plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Not only must the balance of convenience "clearly favor[] transfer," "[i]t is not enough for the defendant to merely show that it prefers another forum . . . merely [] shift[ing] the inconvenience from one party to another."  *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014).[6] AppFolio cannot make such a showing, particularly in light of its own presence in this district.

**A.  Venue is Appropriate in this Forum Under Section 1391.**

First, venue is proper under Section 1391(b)(1) and (d) because AppFolio is deemed to reside in this district as subject to personal jurisdiction with respect to this civil action.  AppFolio's purposeful and targeted conduct here, including its directed targeting of Beagle, foreseeably subject it to suit.  Under *Calder*, the "effects" of AppFolio's decision were felt here.  *See, e.g.*, *Aslie v. Am. Bd. of Orthopaedic Surgery*, No. 2:24-cv-01181 AC, 2024 U.S. Dist. LEXIS 137398, at *9 (E.D. Cal. Aug. 1, 2024).[7]

Second, venue is also proper under Section 1391(b)(2) because a substantial portion of events and omissions giving rise to this action happened here.  AppFolio directed its tortious interference and unfair competition to citizens of this venue—including Beagle's largest customer and thousands of other customers.  (*See, e.g.*, Dkt. 4-4, Ex. B to Brown Decl. ISO TRO.)  Beagle's parent company is based in the SF Bay Area.  AppFolio's conduct directed at the group impacts the parent and those effects are felt here.  The Complaint sufficiently alleges this (Dkt. 1 ¶ 21) and the Court can review facts outside the pleadings

---

[6] (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) and *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).
[7] *See also Panavision Int'l, Ltd. P'ship v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) ("[i]n tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state").

for this analysis. *See, e.g.*, *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) ("facts outside the pleadings may be considered"); (Dkt. 4-8 at 4, Ex. TO Decl. D'Angelo ISO TRO). Beagle has several active listings for job postings for San Francisco.[8] AppFolio's argument that there is a single proper venue is incorrect. But "There may be multiple proper venues," so the existence of another one does not merit transfer.[9]

### B. Section 1404(a) Transfer is Not Warranted.[10]

"A motion for transfer under section 1404(a) requires the court to weigh multiple factors[.]" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Beagle addresses the salient ones here:

**Plaintiff's Forum Choice.** A plaintiff's choice of forum is awarded deference. Plaintiffs chose to sue in this District. Beagle Technologies, Inc., was based in the Bay Area for much of the relevant time period. The Beagle Entities' parent is based in San Francisco and has deep ties to the Bay Area, including its founders and executives who are key witnesses in this case. Beagle's biggest customer is here in the Bay Area as are thousands of Beagle "Doors." Because Plaintiffs are at home in this forum, and operative facts took place here, their choice of forum deserves great deference.

AppFolio's forum shopping argument is meritless. (Dkt. 14.) A hallmark of forum shopping is "the practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *City of Hollywood Firefighters' Pension Sys. v. Wells Fargo & Co.*, No. 23-cv-02445-JST, 2024 U.S. Dist. LEXIS 100198, at *21 (N.D. Cal. June 5, 2024) (internal citation and brackets omitted). Here, governing

---

[8] https://www.joinbeagle.com/careers (accessed December 19, 2025).
[9] *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008).
[10] To the extent AppFolio raises a first-to-file rule doctrine, it categorically does not apply. The Santa Barbara litigation is distinct from the NDCA litigation, as evidenced by AppFolio's counsel's own admissions in arguing the dueling TROs are distinct. (Barros Decl. ¶ 2.)

law will be the same in either forum; Plaintiffs are not fleeing unfavorable precedent nor chasing favorable law. The Northern District is the controversy's center of gravity.[11]

**Convenience of the parties.** It would be convenient for both parties to litigate here. Any assertions by AppFolio to the contrary are belied by AppFolio's own presence in the Bay Area. AppFolio explicitly indicates the "Bay Area" as one of five "Hubs" where "current and future team members can collaborate, connect, and make a lasting impact." AppFolio is actively hiring here.[12]



**Witness convenience.** Though "[t]he convenience of the witnesses, particularly non-party witnesses, is often the most important factor," *Grossman v. Johnson & Johnson*,[13] AppFolio bears the burden to "name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks v. StarKist Co.*, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014).[14] In any event, the parent company and its founders are located in the Bay Area, as are many other key witnesses—including those at Beagle's largest customer. Beagle has more than 3,000 active product enrollments in Northern California that use AppFolio. The NDCA is more convenient for these witnesses and the collection of evidence concerning customer relationships and harm. (Brown Decl. ¶¶ 2-4.)[15]

**Feasibility of consolidation of other claims.** Beagle will not remove the Santa Barbara case, so

---

[11] *Roy v. Uber Techs., Inc.*, No. 2:24-cv-00306-RLP, 2025 U.S. Dist. LEXIS 57887, at *9 (E.D. Wash. Mar. 27, 2025) (forum shopping where the "state court previously considered the issues presented by this [federal] suit and gave . . . an unfavorable ruling").

[12] https://www.appfolio.com/company/careers#Locations (last accessed December 19, 2025).

[13] No. 14-CV-03557-VC, 2015 LEXIS 48356, at *1 (N.D. Cal. Apr. 13, 2015) (citation omitted).

[14] (quoting *Costco Wholesale v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).

[15] It is AppFolio's burden to identify any third-parties, not the Beagle Entities.

there will be no Central District of California case arising out of it.  This factor is immaterial because the two proceedings are not parallel.  Resolution of one action does not resolve the other.  While the Santa Barbara litigation revolves around AppFolio's claims that some Beagle sales representatives allegedly acted without authorization, this NDCA action alleges AppFolio engaged in anticompetitive conduct to threaten to de-platform Beagle.  Though the Santa Barbara filing may be a strategic prong of AppFolio's anticompetitive strategy, the nature of the matters is distinct.  During the Santa Barbara TRO hearing this week, AppFolio's counsel emphasized the distinctive nature of the cases.  AppFolio cannot credibly claim that litigating here imposes undue hardship compared to the Central District, particularly given AppFolio's scale, resources, and extensive dealings with customers in this District.  At most, the two districts are in equipoise, resulting in the preservation of Plaintiff's choice.

## II.    A Temporary Restraining Order is Appropriate and Will Travel with the Case.

Because AppFolio has made the status quo worse by making Beagle customers think Beagle has already been banned, a TRO is merited to avoid further irreparable harm.[16]  If the Court concludes that transfer is appropriate, Plaintiffs respectfully request that the Court enter a TRO to preserve the status quo and require corrective steps during the interim period while the transferee court calendars a preliminary injunction hearing.  A TRO would travel.  "When an action is transferred, it remains in the posture it was in and all further proceedings . . . .  This leaves in place whatever already has been done in the transferor court."  *See, e.g.*, *Singh v. Wolf*, 2020 WL 8083631, at \*13 (D. Ariz. Dec. 16, 2020).[17]

Because this is the appropriate forum, Plaintiffs respectfully request the Court deny AppFolio's attempts to buy time to cause irreparable harm to Beagle and maintain the action here or, in the alternative, issue a TRO subject to the receiving Court's opportunity to consider the issues.

---

[16] (*See* Brown Decl. ¶¶ 5-14.) In a similar situation in District of Maryland in the last few months, Honorable Judge Maddox has heard two TRO hearings and set a multi-day preliminary injunction hearing while considering a venue transfer motion.  Case No. 1:25-cv-03246-MJM (D. Md. Sept. 30, 2025).

[17] Plaintiffs are prepared to submit an amended proposed order should that be helpful to the Court.

DATED: December 19, 2025                    Respectfully submitted,


                                    By    /s/ Michael Burshteyn


                                    **GREENBERG TRAURIG, LLP**
                                    Michael Burshteyn (SBN 295320)
                                    Marcelo Barros (SBN 339069)
                                    101 Second Street, Suite 2200
                                    San Francisco, California 94105-3668
                                    Telephone: 415.655.1300
                                    Michael.Burshteyn@gtlaw.com
                                    Marcelo.Barros@gtlaw.com

                                    Jake Evans (*pro hac vice* forthcoming)
                                    Jordana R. Sternberg (*pro hac vice* forthcoming)
                                    Terminus 200
                                    3333 Piedmont Road NE, Suite 2500
                                    Atlanta, Georgia 30305
                                    Telephone: 678.553.2100
                                    Jake.Evans@gtlaw.com

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE